UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JEFFREY SIDOTI, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HOUSEWARES AMERICA, INC., a New Jersey Corporation; EVERT-FRESH, INC., a Texas Corporation; AND DOES 1 through 10, inclusive,

    Defendants.

---

Honorable Madeline Cox Arleo

Civil Action No. 10-809 (SDW)

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court upon the motion of plaintiff, Jeffrey Sidoti and the proposed class ("Plaintiff"), to remand this civil action against Housewares America, Inc. ("Housewares"), to the Superior Court of New Jersey (Docket Entry No. 9). Housewares opposes the motion. District Judge Wigenton referred the remand motion to me for Report and Recommendation.

This Court held oral argument on May 25, 2010, requested supplemental briefing, and reserved ruling from the bench. This written opinion supplements the transcript of the May 25, 2010, hearing, pursuant to LOCAL CIVIL RULE 52.1. Having considered the parties' submissions, for good cause shown, and for the reasons set forth on the record and herein, the Court respectfully recommends that Plaintiff's motion to remand be **GRANTED**.

**I.  BACKGROUND**

On June 26, 2009, Plaintiff filed a complaint in state court on behalf of himself and a proposed class of individuals who allegedly have been the victims of consumer fraud in violation

1

of the New Jersey Consumer Fraud Act, N.J. STAT. ANN. § 56:8-1, et seq.; and New Jersey Common law.  Plaintiff's class action complaint arises out of Housewares' and Evert-Fresh, Inc.'s ("Evert-Fresh") allegedly false and misleading advertising of Debbie Meyer Green Bags ("Green Bags"), by claiming that the product was designed to significantly extend the life of fruits, vegetables and flowers.  According to Plaintiff, both Housewares and Evert-Fresh are the registered trademark owners and distributors of the Debbie Meyer brand of Green Bags. Plaintiff alleges that both Houswares and Evert-Fresh made the misrepresentations without possessing the requisite scientific evidence to substantiate their claims about their product.  Relying on these alleged misstatements, Plaintiff and the proposed class members purchased the Green Bags to their detriment.  Plaintiff alleges that the amount of individual out-of-pocket damages for each potential class member is approximately $19.95.

On January 6, 2010, a summons was issued for Housewares. (Apr. 5, 2010 Declaration of Franklyn Hernandez, Jr. ("Hernandez Decl.") at Exh. 2).  On January 11, 2010, the summons and complaint were served on Housewares.  (Mar. 19, 2010 Declaration of Michael Langan ("3/19/10 Langan Decl.") at ¶ 3, Exh. A; Apr. 12, 2010 Declaration of Michael Langan ("4/12/10 Langan Decl.") at ¶ 3, Exh. A).  On January 14, 2010, Plaintiff filed proof of service as to Housewares with the Clerk of the Superior Court.  (4/12/10 Langan Decl. at Exh. A).  On January 15, 2010, the Superior Court sua sponte issued an Order, dismissing Evert-Fresh from the action for failure to prosecute. (Langan 4/12/10 Langan Decl. at Exh. A; Jan. 15, 2010 Order of Judge Diane Pincus).[1]

---

[1] During the May 25, 2010 hearing, plaintiff's counsel provided the Court with a copy of the January 15, 2010 Order issued by Superior Court Judge Diane Pincus.  The Order provides that Plaintiff's state court action was being dismissed without prejudice against the defendant,

On February 17, 2010, Housewares, a New Jersey corporation, removed the state action pursuant to 28 U.S.C. §§ 1441 and 1453. In its removal petition, Housewares asserts that this Court has subject matter jurisdiction over this action. According to Housewares, diversity of citizenship exists, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one proposed class member and Evert-Fresh are citizens of different states. It is undisputed that Plaintiff and all of the proposed class members are citizens of New Jersey while Evert-Fresh is a citizen of Texas. Thus, according to Housewares, CAFA's minimum diversity requirement has been satisfied under 28 U.S.C. § 1332(d)(2)(A).

Housewares relies on Plaintiff's allegations in his Complaint to establish that the amount in controversy exceeds the $5,000,000 jurisdictional amount, exclusive of interest and costs. Housewares further claims that it timely removed the action, within thirty days of the receipt of the Summons and Complaint pursuant to 28 U.S.C. § 1446.

On March 19, 2010, Plaintiff filed the pending motion to remand the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447.

## II. ANALYSIS

### A. Legal Standard for a Motion To Remand

As a preliminary matter, under CAFA, a district court has original subject matter jurisdiction of any civil action where minimal diversity is established and the aggregated amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). Specifically, section 1332(d)(2)(A)-(C) provides that minimal diversity of citizenship is demonstrated in a class action in which:

---

Evert-Fresh, Inc. for lack of prosecution, pursuant to N.J. COURT Rules 1:13-7 or 4:43-2.

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

The removing party must demonstrate federal subject matter jurisdiction exists and removal is proper, which includes establishing diversity of citizenship and the amount in controversy requirement. Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006).

A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Section 1447 provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

28 U.S.C. § 1447.

A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)).

    **B.**   **Instant Motion to Remand**

In his moving papers, Plaintiff contests the timeliness of Housewares' removal of this

action. According to Plaintiff, Housewares was properly served on January 11, 2010. Thus, Housewares was statutorily required to remove the action on or before February 10, 2010. As Housewares did not file its notice of removal until February 17, 2010, Plaintiff contends that Housewares removed the action one week after the statutorily imposed deadline for removal expired. As such, remand is warranted.

In its opposition, Housewares primarily argues that its removal petition should be deemed timely filed because the entire action was dismissed by the state court, and Plaintiff never properly served a copy of the summons and complaint on Housewares under N.J. COURT R. 1:13-7 (governing dismissal for lack of prosecution), and N.J. COURT R. 4:4-1 (governing issuance of a summons) and FED. R. CIV. P. 4(m). Thus, Housewares' time to remove the action never began to run.

In reply, Plaintiff counters that on January 15, 2010, the state court dismissed only Evert-Fresh from the action, allowing the case to proceed against Housewares. Plaintiff does not contest that Housewares has satisfied the threshold requirements for removal under CAFA. Yet, Plaintiff raises for the first time in reply that, even if removal had been timely, the local controversy exception under CAFA warrants remand.

On sur-reply, Housewares contends that remand is improper because Plaintiff has failed to meet his burden of demonstrating that the alleged principle injuries were incurred solely in New Jersey, where the action was originally filed.

    **C.**    <u>**Lack of Subject Matter Jurisdiction**</u>

As noted above, Plaintiff does not dispute that Housewares has satisfied CAFA's threshold jurisdictional requirements for removal. <u>See</u> 28 U.S.C. § 1332(d)(2). However, the

Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue in the first instance.  Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009).  In removal cases, the Court must evaluate "jurisdiction by reviewing the allegations in the complaint and in the notice of removal."  Frederico, 507 F.3d at 197.

In its notice of removal and opposition to remand, Housewares submits that Evert-Fresh and at least one of the proposed class members are from different states (Texas and New Jersey, respectively).  The removal notice also asserts that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  However, in support of remand, Plaintiff has demonstrated that the state court dismissed Evert-Fresh from the action. Thus, this Court must determine what impact, if any, the state court's dismissal of Evert-Fresh, a Texas corporation, prior to removal has on this Court's federal diversity jurisdiction under CAFA.

Federal diversity jurisdiction is generally determined under the "time-of-filing rule." As articulated by the Supreme Court in 1829, "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit."  Connolly v. Taylor, 27 U.S. 556, 565 (1829) (emphasis added).  See Kaufman, 561 F.3d at 152.  "But the time-of-filing rule admits exceptions in cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change." Kaufman, 561 F.3d at 152 (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 575 (2004) (acknowledging exceptions to the time-of-filing rule in actions where parties change)). "Class actions, of course, often involve more parties than traditional bipolar litigation and thus a greater likelihood that some parties will change."  Kaufman, 561 F.3d at 153.

In their respective briefs, the parties did not address a change in parties exception to the

time-of-filing rule and what effect, if any, the exception has on this Court's federal diversity jurisdiction under CAFA.  Rather, during oral argument, the Court sua sponte raised this question, and requested that the parties submit supplemental briefing.

In its supplemental brief, Housewares contends that the Third Circuit's ruling in Kaufman does not affect this Court's federal diversity jurisdiction because the local controversy exception to CAFA is not applicable to this case.  Housewares' argument completely misses the mark because this Court cannot reach the application of the local controversy exception without first deciding if subject matter jurisdictions exists under CAFA.

In his supplemental brief, Plaintiff contends that Kaufman is instructive because the Third Circuit held that subject matter jurisdiction under CAFA is determined based solely on those defendants presently in the case.  While the Third Circuit's holding was expressly limited to application of the local controversy exception, see Kaufman, 153 F.3d at 153, this Court notes that the Supreme Court in Connolly and Grupo, and the Third Circuit in Kaufman, recognized an exception to the time-of-filing rule where the parties change.

Applying that exception here, the Court concludes that the state court's dismissal of Evert-Fresh, the only party diverse from Plaintiff, divests this Court of minimal diversity jurisdiction under CAFA.² Accordingly, this Court finds that Housewares has not met CAFA's threshold jurisdictional requirements, and thus subject matter does not exist.  On this basis, the Court respectfully recommends that Plaintiff's motion to remand be granted.

---

² As an aside, the Court notes that if the entire action had been dismissed by the state court, there would have been no action to remove and no notice to file with the state court. See Weiderspahn v. Wing Enterprises, 2009 U.S. Dist. LEXIS 58869 (D.N.J. July 10, 2009) (Judge Irenas).

D.     **Procedural Defect In the Removal Petition**

Under 28 U.S.C. § 1446(a), a defendant must remove an action within thirty days of service of the complaint. A defendant must file, along with a notice of removal, a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446(b) provides in relevant part,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based .
> . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable .
> . . .

28 U.S.C. § 1446(b).

Here, there is no dispute that Plaintiff failed to timely serve Housewares with a copy of the summons and complaint under N.J. COURT R. 4:4-1. Indeed, R. 4:4-1 provides, "[i]f a summons is not issued within 15 days from the date of the Track Assignment Notice, the action may be dismissed in accordance with R. 4:37-2(a)." Plaintiff filed the Complaint in June 2009 but did not issue a summons until six months later in January 2010.

However, the critical issue is whether untimely service amounts to improper service such that the time for removal is not triggered under 28 U.S.C. § 1446(b). Section 1446(b) speaks of the thirty days for removal running from the defendant's receipt, "through service of otherwise, of a copy of the [original complaint]," indicating that the case is removable. 28 U.S.C. §

1446(b).  In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48.

Before removal, Plaintiff was obligated to serve Housewares in compliance with New Jersey state law.  Housewares argues that Plaintiff never properly served it pursuant to N.J. COURT R. 1:13-7, and N.J. COURT R. 4:4-1, and FED. R. CIV. P. 4(m).  As noted above, it is undisputed that Plaintiff did not timely issue a summons under R. 4:4-1.

However, "[t]he time period for issuance of the summons is not jurisdictional and violation thereof will not defeat the action where the defendant is not prejudiced, the complaint is apparently meritorious and the failure is one which is attributable solely to the neglect of plaintiff's attorney." PRESSLER, N.J. COURT RULES, Comment R. 4:4-1 (GANN).  See McLaughlin v. Bassing, 51 N.J. 410 (1968).

In opposing remand, Housewares advances no argument, nor can the Court independently find, any prejudice sustained by Housewares due to Plaintiff's failure to timely issue a summons. Additionally, based on this Court's review of the Complaint, it appears meritorious on its face. Finally, there is no evidence that the failure to timely issue a summons was caused by the Plaintiff himself.  As such, N.J. COURT R. 4:4-1 does not render service on Housewares ineffective.

At the May 25, 2010 hearing, however, the Court allowed Housewares to submit supplemental briefing to highlight any federal cases wherein courts have held that untimely

service of process is improper service under § 1446(b).  Significantly, in its supplemental brief, Housewares does not cite any cases that analyze whether the timeliness of service constitutes improper service for purposes of triggering the time for removal under § 1446(b).  Rather, all of the cases, except for one, address technical defects affecting service of process unrelated to the timeliness of service.  Likewise, Housewares' reliance on this Court's prior ruling in Johnson v. Zagori, 2010 U.S. Dist. LEXIS 50020 (D.N.J. Apr. 30, 2010), is misplaced because this Court analyzed the plaintiff's informal method of service, rather than its timeliness, to determine if the service of process was proper.

      The Court further finds that N.J. COURT R. 1:13-7 does not provide a basis here to conclude that service of process was improper.  Under RULE 1:13-7:

> [W]henever an action has been pending for four months, . ..
> without a required proceeding having been taken therein as
> hereafter defined in subsection (b) the court will issue written
> notice to plaintiff advising that the action as to any/all defendants
> will be dismissed without prejudice 60 days following the date of
> the notice unless within said period, action specified in subsection
> (c) is taken.

It is undisputed that, after the action was pending for four months, the state court never dismissed the action against Housewares.  Additionally, it is undisputed that Plaintiff properly served Housewares on January 11, 2010 for which Plaintiff filed a proof of service with the state court on January 14, 2010 - the day before the state court dismissed Evert-Fresh from the case.

      Accordingly, this Court finds that Plaintiff properly served Housewares, consistent with New Jersey Court rules on January 11, 2010.  Thus, under 28 U.S.C. § 1446(b), Housewares, the only remaining defendant at the time of removal, was obligated to remove the action by February

10, 2010.  As Housewares did not file its notice of removal until February 17, 2010, this Court concludes that Housewares removed the action one week after the statutorily imposed deadline for removal expired.  Therefore, this procedural defect in the removal petition serves as an independent basis to remand the action.

**III.     CONCLUSION**

Having considered the parties' submissions, having good cause, and for the reasons set forth above and on the record on May 25, 2010, it is respectfully recommended that the motion of Plaintiff, Jeffrey Sidoti and the proposed class to remand the instant civil action to the Superior Court of New Jersey, Middlesex County, be **GRANTED**.  The parties have fourteen (14) days from the date hereof to file objections.

*s/Madeline Cox Arleo*
MADELINE COX ARLEO, U.S.M.J.

Date: July 2, 2010