NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY SIDOTI, individually and on behalf of all others similarly situated, | : : : | Civil Action No. 2:10-0809 (SDW)(MCA) |
| Plaintiff, v. | : : : : | **ORDER** |
| HOUSEWARES AMERICA, INC., a New Jersey Corporation; EVERT-FRESH, INC., a Texas Corporation; AND DOES 1 through 10, inclusive, | : : : : : | September 10, 2010 |
| | : : | **CASE CLOSED** |
| Defendants. | : | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Madeline C. Arleo filed July 2, 2010, relating to Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447. Oral argument was held before Judge Arleo on May 25, 2010. Defendant filed objections on July 16, 2010.

Defendant Housewares America, Inc. ("Housewares") objects to Judge Arleo's recommendation for remand to state court and argues that 1. at least one proposed class member and prior-Defendant Evert-Fresh ("Evert-Fresh") are citizens of different states and thus diversity of citizenship exists under the Class Action Fairness Act ("CAFA") codified at 28 U.S.C. § 1332(d); and 2. Plaintiff's notice of removal was "defective" and thus Housewares timely removed the action after receipt of the Summons and Complaint pursuant to 28 U.S.C. § 1332(d)(2)(A).

In the R&R, Judge Arleo found that that Housewares filed an untimely notice of removal and thus, under 28 U.S.C. § 1446(b), removal was procedurally barred. Additionally, Judge Arleo found Evert-Fresh's dismissal from the state court action, prior to removal, divested this Court of minimal federal diversity jurisdiction under CAFA and thus that defect served as an independent basis for remand. *See Kaufman v. Allstate New Jersey Ins. Co.*, 562 F3d 144, 151 (3d Cir. 2009).

Review of a Magistrate Judge's R&R, as well as objections to it, are governed by Local Civil Rule 72.1; which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998); *Temptations, Inc. v. Wager*, 26 F. Supp. 2d 740, 743 (D.N.J. 1998). The Court has reviewed the R&R and record in this matter, and agrees with Judge Arleo's analysis and conclusions, articulated in the R&R, that case law mandates remand.

Defendant Housewares was properly served with the summons and complaint on January 11, 2010. Housewares, the only remaining defendant at the time of removal was obligated to remove the action by February 10, 2010. *See* 28 U.S.C. § 1446(b) (notice of removal must be filed within thirty days after receipt of summons or complaint). Housewares did not file its notice of removal until February 17, 2010 and thus it was untimely. Housewares' argument that Plaintiff failed to timely serve the summons and complaint is unavailing. *See* R&R at 9 (citing PRESSLER, N.J, COURT RULES, Comment R. 4:4-1 (GANN) ("[t]he time period for issuance of the summons is not jurisdictional and violation thereof will not defeat the action where the defendant is not prejudiced, the complaint is apparently meritorious and the failure is one which is

attributable solely to the neglect of plaintiff's attorney.")).  Therefore, based on the foregoing, and for good cause shown,

IT IS, on this 10th day of September, 2010,

**ORDERED** that the R&R of Magistrate Judge Arleo filed July 2, 2010, is **ADOPTED** as the conclusions of law of this Court; and it is further

**ORDERED** that Plaintiff's motion seeking to remand the pending matter (Docket Entry No. 9) is **GRANTED**; and it is further

**ORDERED** that the case shall be immediately remanded to the Superior Court of New Jersey, Law Division, Middlesex County; and it is further

**ORDERED** that this case is **CLOSED**.

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc:     Magistrate Judge Madeline C. Arleo